UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
IN LOUISVILLE

DANIEL FABULIC                                    )
                                                  )
        PLAINTIFF                                 )
                                                  )
V.                                                )        CIVIL ACTION NO.
                                                  )
                                                  )        3:10-cv-477-S
TAKHAR COLLECTION SERVICES LTD.                   )
C/O Agent for Service of Process                  )
CT Corporation System                             )
306 W. Main St.                                   )
Suite 512                                         )
Frankfort, KY 40601                               )
                                                  )
        DEFENDANT                                 )
_____)

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. PRELIMINARY STATEMENT

1. This case is brought by an individual consumer for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692- 1692(o) ("FDCPA" or "the Act") by Defendant Takhar Collection Services Ltd. ("Takhar"). Defendant continually contacted Plaintiff after being told not to call him and continued to call him even after receiving a certified letter demanding that it cease; Defendant failed to send an initial § 1692g validation letter; Defendant continued to attempt collection after repeatedly being asked for written verification; and Plaintiff threatened action it did not intend to take and/or legally could not take and generally used unfair, unconscionable and

deceptive means to collect a debt.

## II JURISDICTION

2. Jurisdiction in this court is invoked pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k (d).

## III VENUE

3. Venue in the Western District of Kentucky is proper under 28 U.S.C. § 1391

## IV PARTIES

4. Plaintiff is a consumer as defined in the Act at 15 U.S.C. §1692a (3); he lives in Louisville, Jefferson County, Kentucky.

5. Defendant is a debt collector as defined in the Act at 15 U.S.C. §1692a (6) which regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

6. Defendant's principal place of business is Cambridge, Ontario, Canada and it regularly engages in and transacts business in the Commonwealth of Kentucky, including the Western District of Kentucky and throughout the United States through the use of the United States mails, telephone or other instrumentality of interstate commerce from its offices.

## V. FACTUAL ALLEGATIONS

7. Takhar began contacting Plaintiff by telephone on or about December 5, 2009 in an attempt to collect an alleged debt from original creditor Columbia House.

8. Takhar's initial contact with Plaintiff was by telephone, and Takhar failed to follow-up with a written §1692g notice within five days.

9. Plaintiff requested numerous times that Takhar not call him at work and requested numerous times to be provided with written verification of the debt.

10. On or about May 20, 2010, Plaintiff sent Takhar a certified letter in which he demanded that Takhar cease telephone contact; that letter was mailed to the Niagara Falls, NY office, which was the only address Plaintiff could find at the time, Takhar having previously refused to provide an address. That letter was received on May 24, 2010.

10. Even after a reasonable time in which to process the letter, Takhar continued to contact Plaintiff by telephone.

11. During one or more of the telephone calls, Defendant threatened to report the debt to a credit reporting agency and misrepresented that the debt would stay on his credit reports for seven years.

12. The alleged debt is older than seven years or so old that the debt would not be permitted to be reported for a full seven years.

13. Even after a reasonable time in which to process the letter, Takhar continued to contact Plaintiff by mail.

14. Defendant's actions have caused Plaintiff inconvenience, humiliation, and emotional distress.

## VI CAUSES OF ACTION

## FDCPA VIOLATIONS

15. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation set forth above.

16. Without limiting the scope of Defendant's liability, Defendant's conduct as enumerated herein violated the FDCPA, § 1692- 1692(o) and specifically including 15 USC §1692c (c), § 1692e (5). § 1692f and §1692g (a)

17. Defendant is liable to the plaintiff for actual and statutory damages and attorney's fees.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

(A) For a judgment against Defendant for statutory damages;

(B) For a judgment against Defendant for all actual damages which he may be able to prove and any additional pecuniary loss he may have suffered;

(C) For payment of reasonable attorney's fees incurred by counsel for the plaintiff in connection with the successful prosecution of this claim;

(D) For reimbursement of all costs and expenses incurred in connection with the successful prosecution of this claim;

(E) For a trial by jury on all appropriate issues; and,

(F) For any and all other relief this Court may deem appropriate

Respectfully submitted by:

_____
*/s/*Ellen G. Friedman
Ellen G. Friedman
Attorney for Plaintiff
125 S. 6th St, Ste. 300
Louisville, Ky. 40202
(502)587-2000
(502) 587-1126 facsimile
efried@iglou.com